## United States v. Meigs.

The deputy-clerk, crier, and messengers of the Supreme Court of the District of Columbia are not entitled to the twenty per cent additional compensation granted by the joint resolution of Congress approved Feb. 28, 1867 (14 Stat. 569).

APPEAL from the Court of Claims.

The facts are stated in the opinion of the court.

*Mr. Assistant Attorney-General Smith* for the United States. *Mr. A. G. Riddle* and *Mr. Francis Miller*, contra.

MR. JUSTICE MILLER delivered the opinion of the court.

Of the appellees, one was a deputy-clerk of the Supreme Court of the District of Columbia, another was the crier of that court, and two others were messengers. They each sued in the Court of Claims to recover the additional compensation allowed to certain employés of the government by the joint resolution of Congress of Feb. 28, 1867. 14 Stat. 569.

The Court of Claims finds the above facts, and while it says, in what purports to be an opinion, that it believes that the resolution refers to clerks and employés of the executive branches of the government alone, and does not extend to those of the judiciary, it nevertheless renders a judgment for the claimants.

We concur with the Court of Claims in the opinion that the resolution does not extend to the officers and employés of the judicial department of the government, and though in some instances it may not be easy to say to which department a claimant may belong, we have no difficulty in holding that each of the present claimants belongs to that department.

The deputy-clerk, Meigs, whose case is the principal one, was appointed by the clerk of the court, and the latter was appointed by the court. The deputy served at a salary fixed by contract between him and the clerk. He was also paid by the clerk, and worked for the clerk, and performed services which it was the duty of the clerk to perform, and for which the clerk received compensation by fees paid by the litigants for whom those services were rendered. It is very difficult to see how this deputy-clerk can be called an employé of the government at all. The government was never liable to him for any salary at any time, and, if the principal clerk had failed to pay him the $2,000, the government clearly would not have been liable for it. How, then, can it be liable for the additional twenty per cent?

Mulloy, the crier, and Taylor and Grimes, the messengers, were employés of the court, — the first appointed by the court and the others by the marshal, to perform services immediately in connection with the court and its judges; and, if employés of the government at all, they certainly belong to the judicial department, and not to the executive.

The case of Manning, 13 Wall. 578, is relied on as covering the case of the present claimants. Manning was a guard in the jail of the penitentiary of the District of Columbia. He was appointed by the warden of the jail, and his compensation fixed by the Secretary of the Interior. Whether the warden of the jail, since the office has been disconnected from the marshal's office, can be held to belong to the judicial branch of the government, it is not necessary to decide; but a decision

which would recognize all the county jails, penitentiaries, and other prisons of the United States as belonging to the judicial, as distinguished from the executive, department of government, would, we imagine, excite surprise. It is very clear that Manning was not an employé under the court, and that the crier and the messengers are ; and, if the deputy-clerk can be said to be in the employment of any but his principal, he also performs duties under the immediate control of the court.

The circumstance that in the emolument account of the clerk the auditor allows him to deduct, from the fees which he would otherwise pay into the treasury, the deputy's compensation, does not make him an employé of the department. All claims paid out of the treasury of the United States must be audited by one of its officers, and approved by one of the comptrollers; but their action in allowing or refusing to allow a claim proves nothing as to which of these great constitutional divisions. executive, legislative, or judicial, the claimant belongs.

*Judgment reversed, with directions to dismiss the petitions.*