*Ex parte* BURDELL.

*Ex parte* SIMONS.

(*District Court, E. D. South Carolina.* October, 1887.)

1. WITNESS—FEES—DEPUTY-CLERK.
   A deputy-clerk is an officer of court, and is not entitled to *per diem* and mileage when used as a witness for the government in a case tried in the court in which he is officiating.
2. SAME—MARSHAL'S CLERKS.
   The clerks employed by the marshal in his office, keeping his accounts, are not officers of court, and are entitled to fees and mileage, if used as witnesses for the government.
3. SAME—DEPUTY-MARSHAL.
   A deputy-marshal is an officer of the court, but, unless he be actually engaged in waiting upon the court, he is entitled to *per diem* and mileage if he be summoned as a witness for the government.

(*Syllabus by the Court.*)

Application for Allowance of Fees as Witnesses.
*John Wingate,* for petitioner.
*H. A. De Sausseurs,* Asst. Dist. Atty., *contra.*

SIMONTON, J. T. S. Burdell is the deputy-clerk of this court. I. S. Simons is chief clerk of the marshal. Each of them was a witness for the government in the case of *U. S. v. Hayne,* tried at this term. An order has been submitted giving to them, with others, fees of witnesses.

Mr. Burdell was appointed deputy-clerk of the court. He holds his office at its pleasure. Rev. St. U. S. § 558. He can sign, as clerk, all process issuing from the court. *Confiscation Cases,* 20 Wall. 92. He takes the same oath of office as the clerk of the court. Section 794.

He keeps the journal, swears witnesses, and otherwise conducts himself as clerk. He is included in the list of officers of court who cannot practice as attorney therein. Sections 748, 749. Clearly, he is not entitled to fees as a witness. He is excluded by section 849, being an officer of the court, officiating therein.

Mr. Simons is chief clerk of the marshal, and is also deputy-marshal. He is employed with the other clerks of the marshal in keeping his accounts with the government, and the records of the office. His title, "chief clerk," is simply the designation given him by the marshal, fixing his relative position in that office. As with all the other clerks in that office, he holds his place at the will of the marshal, was appointed by the marshal, and is paid by him under a private arrangement with him. These clerks have no claim on the government at all for pay, and look entirely to the marshal. *U. S. v. Meigs,* 95 U. S. 748. When he selects or dismisses his clerks the marshal neither consults the court, reports his action to the court, nor seeks any confirmation of his action. In no sense, then, are Mr. Simons and his fellow-clerks officers of the court. He is not within section 849, because of the fact that he is chief clerk. He is also deputy-marshal; but he has no reward or emolument differing from those of any other deputy-marshal. He has no duties in and about the court when it is in session. He never comes into or waits on the court. He does not officiate therein. Let him have his fees as a witness.