WALLACE BROTHERS v. R. M. DOUGLASS.

*Deputy U. S. Marshals, Compensation of—Rev. Stat. U. S, § 3477—Evidence; Objections to before Referee; Disposing of such Objections by Judge.*

1. Deputy United States Marshals have no claim against the Government for their compensation, but must look to the Marshal therefor.  Hence, an assignment by a Deputy Marshal of his claim for compensation against the Marshal is not a violation of § 3477, Rev. Stat. U. S.

2. A referee admitted certain evidence, which was objected to, and made his report without ruling on the admissibility of such evidence.   In the Superior Court there was an order of re-reference, in which the referee was expressly directed to rule upon the admissibility of the evidence objected to.   The referee made another report, without passing on the evidence, and the defendant excepted: *Held*, that it was error to give judgment confirming the report without passing on the objection to the evidence, and that the Judge below could pass upon the competency of the evidence, without again recommitting the case to the referee.

(SHEPHERD, J., dissented as to the disposition made of the case.)

CIVIL ACTION, tried before *Philips, J.,* at Fall Term, 1888, of IREDELL Superior Court.

The plaintiffs allege, in substance, in their complaint, that on the 4th of December, 1879, and for several years next

before that time, the defendant was Marshal of the United States in the Western District of North Carolina; that W. J. Patterson, J. T. Patterson, Jr., and S. P. Graham, during a part of that time, had been, and at the time specified were, his Deputy Marshals, and, as such deputies, had respectively earned fees for large amounts, and by their respective agreements with the defendant, as such Marshal, they became and were respectively to have two-thirds of the fees by him so earned; that large sums of money were so due to each of said deputies; and the said W. J. Patterson drew his order upon the defendant, and the following is a copy thereof:

"$325.                                     November 16, 1881.

"Pay to the order of W. J. Patterson, three hundred and twenty-five dollars; value received, and charge the same to the account of                          W. J. PATTERSON.

"To R. M. DOUGLASS, *U. S. Marshal.*"

"Accepted; payable when I receive funds to the use of W. J. Patterson.

"R. M. DOUGLASS, *U. S. Marshal.*"

And the said J. T. Patterson, Jr., likewise drew his order upon the defendant, and the following is a copy thereof:

"$200.                                     December 4, 1879.

"Pay to the order of myself, two hundred dollars; value received, and charge the same to the account of

"J. T. PATTERSON, JR., *D. M.*

"To R. M. DOUGLASS, *U. S. Marshal.*"

Which has the following written across the face thereof:

"Accepted; payable when I receive funds to the use of J. T. Patterson, Jr.

"R. M. DOUGLASS, *U. S. Marshal.*"

That said drafts were accepted by the defendant as stated, and recited at the end of each.

And the said S. P. Graham assigned to the plaintiffs, of the fees so due to him, the sum of $98.82, and such assignment was recognized and " accepted " by the defendant, to be paid when he should receive funds to the use of the said Graham as deputy; that the plaintiffs became the owners of the said drafts by proper endorsements; that the claims of the said deputies against the defendant, for fees, have been audited in the Treasury Department of the United States, and " funds to the use of " said deputies respectively mentioned, sufficient to pay the said amounts, had been received by the defendant as Marshal; that he, nevertheless, refused upon demand to pay the money so due the plaintiffs; and they demand judgment for the same, and for costs.

The defendant failed to file an answer to the complaint, and, upon motion of the plaintiffs, judgment by default and inquiry was entered against him. Thereupon, by consent of parties, it was, by proper order, referred to a referee, " to hear the testimony, take and state an account, and report to this Court," &c.

Afterwards, the referee made report favorable to the plaintiffs.

In the course of taking the account, the plaintiffs put in evidence copies of certain accounts stated and audited between the defendant as Marshal and the United States, purporting to be certified by the Register of the Treasury, for the purpose of proving that the defendant had been allowed and had received the fees earned by his deputies named as alleged. The defendant objected to the admission of these copies, stating numerous grounds of objection to them, and their competency and sufficiency as evidence. The referee, without deciding that they were or were not competent, received them in evidence, and considered them in connection with other evidence in deducing his conclusions of facts and making his report filed.

At a subsequent term of the Court, the report so made was set aside, and it was re-referred to the same referee, with instructions to retake and restate the account required, and particularly for the present purpose, the Court directed as follows: ·

" 6. For the purpose of enabling the commissioner to find these facts, the case is re-opened for further evidence on both sides. And that the commissioner will make his report under this order to the next term of this Court, in which report he will pass upon and report whether he allows or overrules the exceptions to the evidence made by either plaintiffs or defendant. And the judgment signed in this case, at this term of the Court, is hereby set aside and vacated.

" All exceptions of defendant, not as to the merits of the controversy, are overruled."

The referee proceeded to execute the order of re-reference, and made report, from which it appears, that at a time and place specified, he " proceeded to re-open the cause, when and where further testimony was introduced by the parties; and after due consideration of the testimony heretofore introduced, together with the evidence produced at this time," he drew conclusions of fact and conclusions of law arising thereupon. But he did not " pass upon and report whether he allows or overrules the exceptions to the evidence" (the copies of accounts stated and audited between the defendant and the United States, objected to as above stated); he retook and restated the account, and made report thereof, to which the defendant filed numerous exceptions. Only the first and fifteenth of them need be repeated here, and the following is a copy of them :

" 1. Defendant excepts to said report, for the reason that said referee fails to pass upon the competency and relevancy of certain alleged transcripts from the Treasury Department, Register's office, Washington, D. C., offered in evidence by

plaintiffs, and objected to by defendant (Nos. 4, 5 and 6, on pages 2, 3 and 4 of testimony taken in October, 1887), as he was required to do by the order of Connor, J., recommitting this case to said referee.

"15. That it is contrary to the laws and regulations of the United States Government to sell and assign such claims as those sued on by the plaintiffs, and they are not entitled to recover on that account."

The Court overruled all the exceptions, confirmed the report, and gave judgment for the plaintiffs; and the defendant, having excepted, appealed to this Court.

*Messrs. Chas. Armfield* and *W. D. Turner*, for the plaintiff.
*Messrs. D. M. Furches* and *W. M. Robbins,* for the defendants.

MERRIMON, J. (after stating the case). No statutory provision of the United States brought to our attention, or of which we have knowledge, gives or secures to Deputy Marshals any claim against the Government for, or any interest in, fees or compensation earned by them as such deputies. Neither fees nor compensation are prescribed by statute for them, nor are they recognized or treated as entitled to the same, as of legal right, or as creditors of the Government. The fees they earn are, certainly, ordinarily for, and belong to, the Marshal. In the nature of their employment and duties, they act in his name and place, and the fees they earn are due to him and are charged in his name. They are little more than his agents or servants, invested with some measure of his authority conferred by law, and they are recognized by the law only to determine their rights and liabilities, and the rights and liabilities and duties of third parties arising out of what they do or fail to do as deputies. Their claims for compensation are against the Marshal, accordingly as he and they agree upon the measure of it, and how and when it shall become due and payable. No

doubt, he may allow to them and they may agree to accept the fees they earn in his name 'and for him, or a part of them, as compensation, to be paid to them when such fees shall be allowed to him by the proper auditing authorities of the Government, and he shall be paid the same under existing laws, or he may pay them fixed salaries. The matter of their compensation is between them and the Marshal, not between them and the Government.

The statute (Rev. Stat. U. S., secs. 780, 784, 829, 830, 833, 834, 841, 844, 846) prescribes the fees and compensation the Marshal may have—the maximum he may take—how he shall account with the Government—that he shall give bond and be liable for breaches of the condition thereof; but no fees or compensation are prescribed for his deputies, nor is their liability prescribed—the Marshal is liable for their misfeasance and non-feasance within the sphere of his office. Section eight hundred and thirty-three requires the Marshal, in making his semi-annual report to the Attorney General of the fees and emoluments of his office, to " state separately therein the fees and emoluments received or payable for services rendered by himself personally, those received or payable for services rendered by each of his deputies, naming him, and the proportion of such fees and emoluments which, by the terms of his service, each deputy is to receive." And there is a provision in section eight hundred and forty-one cited, restricting allowances on account of deputies. The purpose of these requirements and provisions is not to give deputies any claim against the Government, but to facilitate the adjustment and settlement of the accounts of the Marshal, and to prevent him from receiving more than the maximum of compensation allowed him by law. There are numerous other statutory provisions, all pointing, more or less directly, to the right of the Marshal to have claims against the Government for fees and emoluments earned by

him for services rendered by himself and his deputies in a variety of ways, but none that give deputies such right.

The deputies of the defendant named in the pleadings, as to their claims in question, did not, therefore, have any claims against the United States for fees and emoluments, or otherwise, as implied by the fifteenth exception of the defendant, but their claims were against him, for such part of the fees earned by them, respectively, as he agreed with each he should have, to be paid by him when the Government should allow and pay his claims against it. The deputies each assigned his claim, or part of it, whether by draft or otherwise, against the defendant, and not his claim against the Government, and hence the statute (Rev. Stats. U. S., § 3477), making absolutely void "all transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional," &c., unless made in the way prescribed, has no pertinency or application here, and does not affect the rights of the plaintiffs. And for the like reason, *Frist* v. *Child*, 21 Wall. 441; *United States* v. *Gillis*, 95 U. S., 407; *Spofford* v. *Kirk*, 97 U. S., 484, cited and relied upon by the defendant, are not applicable. The Court, therefore, properly overruled the fifteenth exception of the defendant.

We are of opinion that the defendant's first exception should have been sustained. The referee was expressly directed by the Court to "pass upon and report whether he allows or overrules the exceptions to the evidence (that heard by him) made by either plaintiffs or defendant," the purpose being, to afford opportunity to the Court to decide upon the competency of evidence objected to, upon proper exception to the ruling of the referee. The latter failed to pass upon the evidence objected to in question; nor did the Court. That it did not is assigned as error.

It might be said that the referee, and after him the Court, did, by implication, decide that the evidence was competent

and unobjectionable, and possibly this is so; but the defendant was deprived of opportunity to assign error in that respect, and if there was error, we cannot correct it in the absence of exception or error assigned. The gist of the exception is, that the defendant did not have opportunity to assign error in the respect mentioned. · This seems to us to have force and merit.

The counsel of the plaintiffs insisted, on the argument, that the objection embraced by the exception " does not go to the merits of the controversy," and, therefore, in view of the order of the Court, the exception should not be sustained. We cannot accept this argument as a valid one. The evidence objected to, if competent, was very important indeed; it went directly and strongly to prove that the accounts of the defendant, as to fees earned by his deputies named in the pleadings, had been allowed as to each by the Government, and he had received the money on account thereof, as to each, to an amount greater than each had assigned to the plaintiffs, which they seek to recover in this action. The defendant seriously contends that the certified copies of accounts audited and settled, objected to, are not evidence against him in this action, and the objection may be well founded. We do not decide now that it is or is not. The Court below should have decided upon the objections to the evidence, so that the complaining party might have had opportunity to assign error and appeal to this Court.

The first exception must be sustained, and the Court, without a re-reference, will decide upon the questions of law raised by the defendant's objections to the evidence referred to in it, and give judgment upon the report of the referee, if this may properly be done, or, for sufficient cause, it may set aside the report and direct the account to be retaken, and proceed in the action according to law.

All the other exceptions of the defendant were properly overruled, except in so far as the matters of them may be

affected by the decisions of the Court in respect to the evidence referred to in the first exception.

Error. New trial.

SHEPHERD, J., (dissenting). I do not concur in the disposition made of this case. The evidence objected to is fully set forth in the case upon appeal, and its competency was thoroughly argued by counsel. If it is incompetent, it will be necessary for us to know whether the referee considered it in finding the facts, and the cause should be remanded. If it is competent, it is immaterial whether he acted upon it or not, and it would, it seems to me, be doing a vain thing to remand the cause in order to get his opinion upon the subject. I think we should now pass upon the competency of the testimony.