## BOLLIN *v.* BLYTHE *et al.*

*(Circuit Court, D. South Carolina. May 7, 1891.)*

1. MARSHAL'S BOND—ACTION FOR FEES OF DEPUTY.

   Though deputy-marshals of the United States are recognized officers of the court, (Rev. St. U. S. §§ 628, 748, 780, 782, 788, 789,) still they are engaged and compensated by the marshal, subject only to the provision of section 841 that the allowance to the deputy shall in no case exceed three-fourths of the fees payable to the marshal for the services rendered by him, and are in no sense creditors of the United States for the amount of their compensation, and, if the marshal fails to pay them out of the fees coming to his hands, he will not be liable upon his bond to an assignee of their claims, as for a failure to properly disburse public funds in his hands, under section 782.

2. SAME—FEES OF GOVERNMENT WITNESSES—ASSIGNMENT.

   The claim of a witness for the United States for fees earned by attendance on a federal court is a claim against the marshal, and not against the government, and therefore not within the prohibition against assignments contained in Rev. St. U. S. § 3477, and an action will lie by the assignee of witness' certificates on the bond of a marshal who has received the money to pay them in his official capacity, but has failed to do so.

At Law. Action on marshal's bond. Trial by the court without a jury.

*L. W. Parker,* for plaintiff.

*Brawley & Barnwell,* for defendants.

SIMONTON, J. The plaintiff holds by assignment certain claims of deputy-marshals for services rendered in cases in which the United States was a party. He also holds by assignment pay certificates of witnesses who attended court at the expense of the United States. He has made demand on Blythe, late marshal for this district, for payment. Upon his failure to comply with this demand, plaintiff sues on the official bond of the marshal, seeking to hold the sureties responsible therefor. Blythe has made default, and judgment has been entered against him. The sureties interpose two demurrers raising these questions: Admitting the fact that the marshal has received from the United States the fees earned in the cases in which the deputy-marshals did the service, and in which the witnesses attended court, and the further fact that he has not paid either the deputies or the witnesses, does this constitute a breach of the bond for which the sureties are liable? *Second,* if this be such a breach of the bond, can the assignee of these claims sustain a suit in his own name?

Is the non-payment of this money on the part of the marshal a breach of his bond? The bond of the marshal to the United States is for the faithful performance of his duties by himself and his deputies. Rev. St. § 783. These duties are the execution of all lawful precepts directed to him, and such others as pertain to his office, and to take only his lawful fees. Section 782. It is primarily to the United States, and covers the proper disbursement of all public moneys coming to his hands. It inures for the protection of any person injured by a breach of the bond. Section 784. This undertaking is to receive a strict interpretation, and is not to extend by implication beyond the fair scope of its terms. *U.*

*S. v. Giles*, 9 Cranch, 212; *U. S. v. Boyd*, 15 Pet. 187. If the money placed in the hands of the marshal for disbursement to persons creditors of the United States be diverted, his bond is liable to the United States. Witnesses and jurors attending court are entitled, under the act of congress, to compensation. Sections 848–852. The marshal is the disbursing officer for this. Section 855. The bond is liable for moneys received for and not paid to witnesses. Are deputy-marshals in the same category,—creditors of the United States? There is no express provision in the fee-bill for payment of costs or fees to deputy-marshals. They are recognized as officers of the court. Sections 628, 748, 780, 782, 788, 789. They are to be compensated. But no fixed allowance is made for them. No mode of payment is provided for them. They are to be engaged by and compensated by the marshal. "The allowance to any deputy shall in no case exceed three-fourths of the fees and emoluments received or payable for the services rendered by him." Section 841. Received by or payable to whom? The marshal. For when we come to examine the statute we find that the fees, etc., for all such services are for the marshal. The deputy is not mentioned. No restriction is put on the marshal as to the mode of compensation, and none as to the amounts within the three-fourths limit. It is evident from the context that this limit is put in because the compensation, the aggregate fees of the marshal, less proper allowance for the expenses of his office, cannot exceed a fixed sum, $6,000. A closer examination will make this clear. Every marshal is required to make a semi-annual report to the attorney general of all the fees and emoluments of his office, of every manner and character, and of all the necessary expenses of his office, including clerk hire, together with the vouchers for the payment of the same. He in this report states, separately, the fees and emoluments received or payable for services rendered by himself personally, those received for services rendered by each deputy by name, and the proportion of such fees, etc., which by the terms of his service each deputy is to receive. Section 833. Out of the gross aggregate of this return he is allowed to retain for his personal service not exceeding the rate of $6,000, over and above the necessary expenses of his office, including clerk hire * * * and a proper allowance to his deputies. Id. That is to say, all his fees and emoluments belong to the United States. Out of them the marshal retains the necessary expenses of his office, and a sum not exceeding $6,000 per annum. Among the necessary expenses of his office are the allowances to his deputies, which expense is limited to not more, under any circumstances, than three-fourths of the fees allowed the marshal for the service of such deputy. Now, all these are retained by the marshal in his own hands, as his own money. When he shows the accounting officer of the treasury his gross receipts and his necessary expenses, and deducts these and the sum due him for compensation, and pays over the balance, he and his bond are discharged. He must show his necessary expenses, because he can only retain $6,000 per annum besides these. And the details, setting out the amount earned by himself, the amount earned through each deputy. and the expense

incurred in employing this deputy, are required simply to keep the marshal within his maximum. When this maximum has been reached in the first half of the year, the marshal in his next account states the gross earnings of his office, deducts all necessary expenses, including the allowance to each deputy, and pays over all the remainder to the United States. The government concerns itself with and holds him responsible for the net result only of the earnings of his office appearing after the deduction of all necessary expenses. When, therefore, the marshal retains this money, it is either to reimburse himself for money paid by him already to his deputy, or to enable him to carry out his contract made by himself with his deputy. In either case, it is his money, for which he alone is responsible, and for the exact disbursement of which he is in no sense responsible to the government. As the United States, therefore, could not in such case maintain an action on his bond, no private party can. See *Wallace* v. *Douglas*, (N. C.) 9 S. E. Rep. 453.

The second question raised on demurrer is, can the plaintiff, assignee of the witness' certificates, maintain an action in his own name on the marshal's bond? The demurrer admits the fact that the money has been received by the marshal in his official capacity for these witnesses, and has not been paid by him. The claim is based on a chose in action, and, like any other chose in action, can be assigned. It is not a claim against the government, and therefore does not come within the prohibition of section 3477 of the Revised Statutes. It is a claim against the marshal. Being assignable, the assignee can maintain an action upon it. This action, under the Code of Civil Procedure in South Carolina, adopted in this court, must be in the name of the real party in interest, the assignee. The courts of the United States have jurisdiction in suits on a marshal's bond, as in a case arising under the laws of the United States. *Bachrack* v. *Norton*, 132 U. S. 337, 10 Sup. Ct. Rep. 106. Under section 784, suit can be brought by the party injured by the breach of the marshal's bond, "in his own name and for his sole use." It would be a narrow and technical construction of this remedial statute to confine the right to sue to the original holder of the claim. The words, "in his own name and for his sole use," mean that, instead of suing in the name of the United States, the obligee of the bond, a private party can sue in his own name; and that the benefit of the suit will inure, primarily, not for all persons injured, but for him solely. Besides this, a person purchasing a claim upon such a certificate relies upon the performance of his duty by the marshal,—a performance secured by his bond. If the marshal refuse to pay him, a breach of the bond is committed, and he is injured thereby. I am of the opinion, therefore, that the action, to this extent, can be maintained by the plaintiff. Let the verdict be prepared in accordance with this opinion.