FITZSIMMONS et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 27, 1893.)

No. 68.

1. APPEAL—REVIEW—RULINGS ON MOTION FOR NEW TRIAL.
   The opinion and rulings of a trial judge on motion for a new trial are not subject to review by the circuit court of appeals.

2. UNITED STATES MARSHALS—ACCOUNTING—CREDITS.
   A United States marshal, in his character of disbursing officer of the government, is not entitled, as between himself and the government, to credit for unpaid disbursements, or for services rendered and fees earned by his deputies, unless he has paid for the same.

3. SAME—ACTION ON BOND—SET-OFF—MONEY DUE DEPUTIES.
   In an action on the official bond of a United States marshal to recover moneys due the United States, moneys alleged to be due by the United States to the marshal's deputies cannot be allowed as a set-off when there is no showing as to the character of the services for which credit is claimed, or whether any return thereof, duly verified, with details, was ever made, as required by Rev. St. § 833, or that the same had ever been submitted to the treasury department to be audited and allowed in accordance with section 841.

In Error to the Circuit Court of the United States for the Northern District of Georgia.

At Law. Action by the United States against Owen P. Fitzsimmons and the sureties on his official bond as United States marshal. Verdict and judgment for plaintiff, and new trial denied. Defendants appeal. Modified and affirmed.

For opinion overruling exceptions to auditor's report, see 50 Fed. Rep. 381.

Statement by PARDEE, Circuit Judge:

The case is fully stated in the following extract from the bill of exceptions taken on the trial of the case:

"Be it remembered that heretofore, in the circuit court of the United States for the northern district of Georgia, on the 12th day of May, 1890, before his honor, William T. Newman, presiding, there came on to be heard a certain case in said court pending, to wit, the United States, as plaintiff, v. Owen P. Fitzsimmons, former marshal, etc., William A. Hemphill, Evan P. Howell, Clark Howell, Sr., Albert Howell, Patrick Walsh, Robert H. May, James M. Smith, and Alexander R. Lawton, as defendants; the same being an action for debt on bond, viz. the official bond of said defendant Fitzsimmons, former marshal of the state of Georgia, and the other defendants as his sureties; and the case was heard accordingly in said court before said judge and jury. Before that time the said cause had been referred to William R. Hammond, as auditor, and his report and amended report were approved by the court, of file in the cause, and was read in the evidence accordingly. Said auditor's report and amended report are here referred to and made a part of this bill of exceptions, and the same constituted the only evidence submitted to the jury on the trial of the cause, except A. P. Woodward, who testified as to certain matters not involved in the alleged error and exceptions here in question. The defendants requested the court in writing to charge the jury, amongst other things, to wit, "That if they find in the auditor's report a finding in favor of the deputies against the United States for fourteen hundred and one dollars and thirty-two cents, [meaning fourteen thousand six hundred and one dollars and thirty-two cents,] it is not to be regarded as a debt to the deputies, but to the marshal's office, and must be so treated by them in the findings in the case.'

"The defendants contended at the trial that, whether the defendant Fitzsimmons had paid his deputies in full or not, whatever sum may have been due and owing to the plaintiff in this behalf for services rendered by said deputies, the same was, under the issue in this case, to be deemed and considered as services rendered by defendant Fitzsimmons, by and through his deputies, and that whatever amount was due and owing by the plaintiff for and on behalf of said services was to be deemed to be due and owing by the plaintiff to defendant Fitzsimmons, and that the same was available in favor of the defendants as an answer and defense to the action; the defendants contending that the same were greater in amount than the largest sum which, without this item, is found against the defendants in the auditor's report. The court held to the contrary in this contention, and decided that said item afforded no defense, and refused to charge the rule of law as contended for by defendants, and as set forth by their request in manner and form as above set forth, and the defendants then and there excepted before said court, in the presence of the jury, in writing, and their said exceptions were allowed by the court, and filed of record in the cause.

"Before that time, when the auditor's said report and amended report were first filed, the defendants excepted thereto in writing on the following first ground, amongst others, because the auditor excluded from his consideration the accounts of the deputies, and failed or refused to treat them as a credit to be given to the marshal in the government's settlement with him, thus excluding an amount of eleven thousand nine hundred and eighty-six dollars and seventeen cents, ($11,986.17,) which he found in the fees and emoluments, due on account of the deputies, which must be placed to the marshal's credit before a legal and fair settlement could be reached between the government and the marshal. Considering the said exception, the court, at the March term, 1889, passed the following order, to wit: 'Ordered, that the amended exceptions herein set out to the auditor's report are disallowed, on the ground that the first exception does not set up the proper matters of credit or set-off to O. P. Fitzsimmons, late marshal.' And the defendants then and there excepted, in writing, to said action, and their said exception was allowed and filed of record in the cause, in open court, to wit, on the 6th day of June, 1889, as appears of record.

"Before the trial, in the same case, and in the same court, the defendants, in due time and in due form of law, filed an amendment to their plea, wherein they pleaded as a set-off and defense, due from the plaintiff to defendant

Fitzsimmons, for the use of certain of his deputies, for services rendered by them as such deputies during the time said Fitzsimmons held the office of United States marshal for the northern district of Georgia, the sum of eleven thousand nine hundred and eighty-six dollars and seventeen cents, ($11,986.17,) as in said plea set forth, and which plea, signed by counsel for defendants, with the bill of particulars, contained the names of the deputies, with amounts due to each respectively, as of file in the cause. To this plea the plaintiff, by its counsel, demurred generally; and, after argument, the court, under order dated June 5, 1889, as appears of record, sustained the demurrer, and ordered that said plea be stricken, on the ground that it states no legal cause for defense; and defendants then and there excepted, and in open court, on the 6th day of June, 1889, presented their exceptions, in writing, which were allowed and ordered filed by the court, and the same were filed, and appear of record in the cause. And at the trial above and before named, to wit, on the 12th day of May, 1890, the jury, under the charge of the court, returned a verdict in favor of the plaintiff against the defendants for the sum of one thousand eight hundred and eighty-five dollars and twenty-three cents, ($1,885.23,) with interest and cost of suit. The court was about to enter a final judgment upon said verdict, and the same was written out and signed accordingly, when the defendants interposed by their motion for new trial, which appears in the record, and thereupon the said court entertained said motion for new trial, and on the 4th day of June, 1890, during the same term, in open court, passed and made the following order in said case, to wit: 'It appearing to the court that the defendant is dissatisfied with the verdict in said case, and for causes stated, makes this motion for new trial, it is ordered that said motion be duly filed, and copy be furnished the district attorney, and the same be set for hearing at such time as the court shall appoint, and that the same operate as a supersedeas of judgment until further ordered. [Signed] William T. Newman, U. S. Judge.' The said motion for new trial was afterwards amended, (but the hearing delayed and continued,) and never heard or finally determined until March 28, 1892, when, after argument had, the court made a written opinion adverse to the motion, which opinion is filed in the cause, and afterwards, to wit, on the 21st day of April, 1892, the court made and signed, on motion of counsel for plaintiffs, a formal order, refusing a new trial, and ordering that the supersedeas do cease; and defendants say that no judgment on the said verdict became or was final until said order was entered and the supersedeas thereby ended."

The case is brought to this court on the following assignment of errors:

"(1) That the court erred in failing and refusing to charge the jury, when so requested in writing, as follows, to wit: 'If they find in the auditor's report a finding in favor of the deputies against the United States for fourteen hundred and one dollars and thiry-two cents, [meaning fourteen thousand six hundred and one dollars and thirty-two cents,] it is not to be regarded as a debt due to the deputies, but to the marshal's office, and must be so treated in their findings in this case.' The plaintiffs in error say that under the law, upon stating the balances between the marshal aforesaid and the United States, the marshal was entitled to a credit for services rendered by his said deputies; that there is and was no privity between the United States and the deputies, but only between the United States and the marshal; and that, under the law, all settlements must be made and balances ascertained as between the United States and the mashal, treating the deputies and their accounts as represented by and standing in the shoes of the marshal; and that the marshal is entitled to such credit in his accounts, whether in point of fact he had paid his deputies or not; and that the court erred in holding to the contrary and refusing to charge as thus requested.

"(2) Plaintiffs in error further say that when they excepted to the auditor's report on the ground that the auditor erred in not giving the marshal credit in his accounts for amounts due on account of services rendered by his deputies, and the court at March term, 1889, passed and made an order that said exception be disallowed, on the ground that the same did [not] set up proper amount of credit or set-off to said Owen P. Fitzsimmons, late marshal, the court erred therein. The plaintiffs in error say that the said marshal was en-

titled to such credit and set-off under the laws and facts in the case, and that the court erred in holding to the contrary, and disallowing said exception to the auditor's report, in manner and form aforesaid.

"(3) Plaintiffs in error further say that the court erred in sustaining the demurrer to their plea, wherein they had pleaded as a set-off an amount due from the plaintiff to certain of his deputies for services rendered by them as in said plea set forth, said plea being in language following, to wit: 'By leave of the court defendants amend their pleas, and for further plea say that there is still due from the plaintiff to the defendant Fitzsimmons, for the use of certain of his deputies for services rendered by them as such deputies, during the time the said Fitzsimmons held the office of United States marshal for the northern district of Georgia, the sum of eleven thousand nine hundred and eighty-six dollars and seventeen cents, ($11,986.17.) The amount due each deputy will fully appear by reference to the bill of particulars hereto attached. Said sum defendants plead in defense of plaintiff's claim, and show nothing due plaintiff, and the residue defendants plead as a set-off in favor of defendant Fitzsimmons for the use of his deputies, to whom the same is due and owing, and pray judgment for the same. [Signed] James S. Hook, Broyles & Johnson, Defendants' Attorneys.' Plaintiffs in error say that the defense set out and contained in said plea was a proper, legal, and competent defense to the said action of plaintiff, and that the court erred in holding to the contrary thereof, and in striking said plea. The plaintiffs in error further say that if said plea had not been stricken out, and had been sustained, as under the facts and the law it should have been, the same would not only have defeated any recovery against the defendants in favor of the plaintiff, but would have resulted in a finding in favor of the marshal against the United States in the sum of ten thousand and ten and 94-100 dollars, or the like sum.

"(4) And the plaintiffs in error further say that error appears in this: His honor repeats (in his decision overruling the motion for new trial) that the plea of set-off filed by the defendants, and refers to his action during the progress of the trial disallowing and striking said plea, and affirms the correctness of that action in disallowing and striking said plea, which action and decision touching said plea was excepted to during the trial, is hereby excepted to again, and is assigned as error. And the plaintiffs in error further say that error appears in this: His honor, in his said decision, makes a quotation from the auditor's report, to show two things, to wit: First, that the auditor found no amount against the United States in favor of the deputies; second, that the accounts of the deputies were not referred to the auditor. It is respectfully submitted that the auditor's report shows that he found that the deputies did have an account against the United States, and both this finding of the auditor, and his honor's view of it, plaintiffs in error say are wrong in law and in fact, not in amount, but in the person to whom due; and that it was not the deputies, but the marshal, who has a claim on the United States for such service rendered by him through his deputies. And plaintiffs in error say that the court erred in this ruling to the contrary thereof, and they assign error on the same.

"(5) Plaintiffs in error further say that error appears in this: His honor, in his said decision overruling the motion for new trial, refers to a former suit by three deputies of the marshal, which proceeded before and was determined by his predecessor, Judge McCay, but which was not made, as it could not have been made, a part of the record in this case. It is contended that this is error, and is hereby assigned as such for two reasons: First. Said former suit had no connection with this case. Second. From the views presented by his honor it only showed that, if anybody was estopped, it was the three deputies alone who had sued and obtained that decision of Judge McCay; certainly not the United States or the defendants in this case.

"(6) Said plaintiffs allege error in this: His honor, in said decision, says: 'The auditor states in his report that in making his investigation he treated Fitzsimmons as a disbursing officer of the government, charging him with all the money which went into his hands, and giving him credit for all disbursements to which he found him to be entitled,' etc. His honor then proceeds: 'Except as to a few items, which were eliminated from the case on the trial before the jury, I do not believe that any serious objection has ever been made

by the marshal to the statement of account, calculation, and finding of the auditor, and if it was proper to treat him as a disbursing officer of the government in making his investigations. Certain legal questions, it is true, were raised as to whether the auditor pursued the correct course in his method of stating the account between the marshal and his deputies, all of which were disposed of in the opinion heretofore filed in the case. There has been no argument as to the question on this motion, and I presume that it is considered as disposed of by the former decision of the court.' Plaintiffs in error say, as touching this finding of the court, that the object of the suit necessarily put in issue a final adjustment and finding of a balance between the United States and the marshal; and that it does not make any difference what descriptive terms be used as to different items; and that, if the marshal was in law entitled to a credit for services rendered by him through his deputies, he could not be deprived of his right to that credit by merely calling him a disbursing officer. And plaintiffs in error say that both the auditor and the court erred in holding to the contrary thereof, and error is assigned in the same.

"(7) Plaintiffs in error further say that error appears in this:  The whole case was tried and determined on the assumption that the marshal was not entitled to any credit in his accounts as pleaded and contended for by defendants below on account of services rendered and fees earned by his said deputies, unless the marshal had paid the same to the deputies; the defendants contending that he was entitled to such credit, and the court holding and deciding that he was not thus entitled; and the same is hereby assigned as error."

Geo. Hillyer, (Jas. S. Hook, on the brief,) for plaintiffs in error.

F. B. Earhart, U. S. Atty., for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge, (after stating the facts.) The fourth, fifth, and sixth assignments of error relate to the opinions and rulings of the trial judge on the motion for a new trial, and are not subject to review. The first assignment of error, relating to a charge to the jury refused by the court; the second, relating to error in overruling an exception to the auditor's report; and the third, assigning as error the action of the trial court in sustaining a demurrer to a plea,—all raise the same question, succinctly stated in the seventh assignment of error, as follows:

"The whole case was tried and determined on the assumption that the marshal was not entitled to any credit in his account on account of services rendered and fees earned by his said deputies, unless the marshal had paid the same to the deputies; the defendants contending that he was entitled to such credit, and the court holding and deciding that he was not thus entitled."

The question presented seems to have arisen in this way: The auditor appointed by the court says in his report:

"In the examination of this case it became necessary to go into the accounts of the deputies against the United States, and to ascertain the amounts of their earnings, disallowances, reallowances, etc., and thus to ascertain the balances due them; and while, in accordance with the view I have taken of the case, the statement of those balances is not necessary to a proper understanding of the issues involved, yet I have thought proper to append the table set forth in the Exhibit L, covering two pages, showing the balances due the deputies there named from the United States."

The table appended purports to show as the balance due the deputies from the United States sums ranging from $5.16 to $2,784.13,

aggregating $12,712.21, as due to some 24 persons named. The plaintiffs in error excepted to the auditor's report, because the ex-marshal was not given credit for that amount in the statement of his account with the United States. Failing on exception, they filed a further plea, (their former pleas having been practically a general denial,) pleading the amount of $11,986.17 in defense of plaintiff's claim, "and the residue as a set-off in favor of the defendant Fitzsimmons, for the use of his deputies, to whom the same is due and owing, and praying for judgment for the same." A demurrer having been interposed and sustained to said plea, the contention was renewed by requesting a charge instructing the jury that the amount reported by the auditor as due to deputies from the United States "is not to be regarded as a debt due to the deputies, but to the marshal's office, and must be so treated in their findings in the case."

The question thus presented is whether O. P. Fitzsimmons, late marshal of the United States, in a suit against him and his sureties on his official bond to recover balances due by him as an accounting and disbursing officer of the United States, is entitled to credit for disbursements that he has not made, or to credit for alleged services of his deputies which he does not pretend to have paid. So far as the suit is one against Fitzsimmons, late marshal, as a disbursing officer of the United States, it is plain that the credit claimed is wholly inadmissible. So far as the suit is against Fitzsimmons, late marshal, for a settlement and accounting as to the fees and emoluments of his office, more difficulty is presented. The following sections of the Revised Statutes of the United States bear directly upon the matter in hand:

"Sec. 830. There shall be paid to the marshal his fees for services rendered for the United States, for summoning jurors and witnesses in behalf of the United States, and in behalf of any prisoner to be tried for a capital offense; for the maintenance of prisoners of the United States confined in jail for any criminal offense; also for his reasonable actual expense for the transportation of criminals, and of the marshal and guards, to prisons designated by the attorney general, and for hire and subsistence in that behalf, as hereinbefore provided; also his fees for the commitment or discharge of prisoners; his expenses necessarily incurred for fuel, lights, and other contingencies that may accrue in holding the courts within his district, and providing the books necessary to record the proceedings thereof: provided, that he shall not incur or be allowed an expense of more than twenty dollars in any one year for furniture, or fifty dollars for rent of a building, and making improvements thereon, without first submitting a statement and estimates to the attorney general, and getting his instructions in the premises."

"Sec. 833. Every district attorney, clerk of a district court, clerk of a circuit court, and marshal, shall, on the first days of January and July in each year, or within thirty days thereafter, make to the attorney general, in such form as he may prescribe, a written return for the half year ending on said days respectively, of all the fees and emoluments of his office, of every name and character, and of all the necessary expenses of his office, including necessary clerk hire, together with the vouchers for the payment of the same for such last half year. He shall state separately in such returns the fees and emoluments received or payable under the bankrupt act; and every marshal shall state separately therein the fees and emoluments received or payable for services rendered by himself personally, those received or payable for services rendered by each of his deputies, naming him, and

the proportion of such fees and emoluments which, by the terms of his service, each deputy is to receive. Said returns shall be verified by the oath of the officer making them."

"Sec. 841. No marshal shall be allowed by the attorney general, except as provided in the next section, to retain of the fees and emoluments which he is required to include in his semiannual return, as aforesaid, for his personal compensation, over and above the necessary expenses of his office, including necessary clerk hire, to be audited and allowed by the proper accounting officers of the treasury department, and a proper allowance to his deputies, any sum exceeding six thousand dollars a year, or exceeding that rate for any time less than a year. The allowance to any deputy shall in no case exceed three fourths of the fees and emoluments received or payable for the services rendered by him, and may be reduced below that rate by the attorney general whenever the returns show such rates to be unreasonable."

It is to be noticed that neither the report of the auditor, the exceptions to the auditor's report, the overruled plea, nor the requested charge to the jury show in any manner whatsoever the alleged services of the deputies of the late marshal for which credit is asked, whether within or without said section 830; nor whether any return, duly verified, with details, as required by the said section 833, was ever made; nor that the same had even been submitted to the treasury department to be audited and allowed by the proper accounting officers thereof, in accordance with the provisions of said section 841. Section 951, Rev. St., expressly prohibits the allowance of credits on the trial of suits brought by the United States against individuals, except such as appear to have been presented to the accounting officers of the treasury for their examination, and to have been disallowed, in whole or in part, unless it is proved to the satisfaction of the court that the defendant is at the time of the trial in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the treasury by absence from the United States, or by some unavoidable accident. The provisions of this section seem to have been wholly ignored by the plaintiffs in error. The record shows no attempt whatever to comply with the statutes herein referred to, nor any reason why such attempt was not made. It seems to us that the regulations provided by law for the settlement of accounts between the United States and their officers control the courts as well as the accounting officers of the treasury. Stress, also, ought to be laid upon the fact that, so far as this record shows, the amounts claimed to be due deputies of the late marshal are asserted to be due by the United States, and not by Fitzsimmons; and, further, that whether the said amounts claimed to be due said deputies are paid by the United States, or paid by the plaintiff in error and then refunded by the United States, the account between the United States and Fitzsimmons, and the balance due the United States, involved in this suit, will remain the same. If we take the case as one where the statutes of the United States in relation to the settlement of accounts with officers have been complied with, and the amounts claimed to be due the deputies have been duly presented to the accounting officers of the treasury as a proper credit to the late marshal, and by such officers disallowed, because the same had not been paid by the late mar-

shal, still we cannot see how the plaintiffs in error can get relief in this suit, unless the court, as a matter of law, is authorized to allow a credit for disbursements not made. As far as this record goes, it is the United States that owes the deputies, and, if so, will owe them until they are paid. It may be that the fees earned by the deputies belong to the office of marshal, and that the amounts due them for services are due by the office, but the matter is complicated by the fact that when the marshal has collected his maximum compensation, as in this case, the United States are the beneficiaries of the office. It may be that by lapse of time and mistaken efforts and attempted remedies legislation is necessary to do full justice to all parties, but in this suit at law we do not think that the plaintiffs in error, on the showing made in this suit on the late marshal's official bond, can be allowed credits for amounts alleged to be due by the United States to either the marshal's office or to the deputies of the late marshal.

We are constrained to hold with the trial judge, and to rule that the record presents no reversible error. The case presented, however, while showing that the judgment of the court below is proper against the plaintiffs in error, yet suggests equities in favor of other parties, to whom the judgment of the court below, if left unqualified, may be construed injuriously; and therefore, while affirming the judgment, we deem it proper to modify the same so as to avoid the semblance of such prejudice.

It is therefore ordered and adjudged that the judgment of the circuit court in this case shall not be construed so as to prevent the plaintiff in error O. P. Fitzsimmons, late marshal of the United States for the northern district of Georgia, from claiming from the United States such sums as he may hereafter properly pay to his late deputies for services rendered to the United States within the purview of section 830, Rev. St. U. S., and which are not included in any of the claims allowed and audited in this suit; nor to prevent the late deputies of the said O. P. Fitzsimmons, late marshal of the northern district of Georgia, from applying to the United States, by suit or otherwise, for the direct payment to them for services rendered the United States during the term of office of O. P. Fitzsimmons, late marshal; and, as so modified and qualified, said judgment be, and the same is hereby, affirmed.