## WALLACE BROS. v. R. M. DOUGLAS.

### *Evidence—Transcript of Records.*

1. The matters appearing in transcripts of any paper on file or records of any public office of the State or United States, being relevant to an account which a referee was directed to take, are admissible in evidence before him by virtue of the provisions of chapter 501, Acts of 1891, which was passed pending the suit in which they were offered but before the account was stated.

2. In a suit by the holder of drafts against a United States Marshal who accepted the drafts drawn on him by three Deputy Marshals payable when he, the Marshal, should receive funds to the use of such deputies, transcripts of such part of papers on file and records of the Treasury Department as contained the accounts and vouchers of the Marshal relating to such deputies, are admissible in evidence to show how much was allowed to the defendant for the Deputy Marshals and are not objectionable as being fragmentary.

CIVIL ACTION, heard by *Whitaker, J.*, at November Term, 1893, of IREDELL Superior Court, upon exceptions to the report of a referee.

The plaintiffs appealed from the judgment of the Court sustaining certain exceptions of the defendant to the report. The facts sufficiently appear in the report of the same case in 103 N. C., 19, and in the opinion of Associate Justice BURWELL.

*Messrs. Armfield & Turner*, for plaintiffs (appellants).
*Messrs. Robbins & Long* and *Furches & Coble*, for defendant.

BURWELL, J.: This cause was before the Court at February Term, 1889 (103 N. C., 19). In the report of that appeal will be found a full statement of the matters in controversy in the action.

The main question presented now for our consideration

is this: Were the transcripts from the Treasury Department of the United States, called in the record Exhibits "A," "B," "C" and "AA," admissible as evidence for the plaintiffs upon the taking of the account before the referee? He admitted them, examined them, and from the statements contained in them found certain facts. His Honor ruled that the referee erred in so doing.

These transcripts are certified to by the Register of the Treasury and his certificate is authenticated by the Secretary of the Treasury under the seal of his department. If the matters contained in these transcripts were relevant to the account which the referee was required to take they were admissible in evidence before him by virtue of the provisions of chapter 501 of the Laws of 1891, if for no other reason. That act was enacted while this suit was pending, but before the taking of the account. It seems to have been framed to obviate any objection to the introduction as evidence in the Courts of this State of transcripts just such as these are.

It is objected to them that they are fragmentary. We do not think they are liable to that objection. The plaintiffs sought to show the referee what sums had been earned by the defendant's deputies, W. J. Patterson, J. T. Patterson, Jr., and S. P. Graham, and what sums the defendant had demanded of the Government on account of their services. The vouchers of each of these deputies, which the defendant himself presented to the proper officer of the Treasury Department, were the very best evidence of the sum which he claimed in his account for them. When filed these vouchers became a part of the record of the department, and duly certified copies thereof became competent evidence under the provisions of the act above mentioned. The transcripts ("A," "B," "C") purport to contain "the vouchers"; that is, all the vouchers of each of these deputies. If they

purported to contain only some of them they would yet
be admissible. Their effect is a different matter. But
these transcripts purport to contain not only copies of each
voucher of each of these three deputies, but also extracts
from the books of the Treasury showing how much of
the sums charged by the defendant on their account
had been disallowed, thus, in effect, showing how much of
the gross sum so charged was allowed to the defendant in
his account with the Treasury Department, that amount
being ascertainable by the simple process of subtraction.

The transcript marked Exhibit "AA" was also admissi-
ble. It was properly certified and purported to contain
copies of certain records and accounts of the Treasury
Department showing the amount and date of certain pay-
ments made to the defendant as United States Marshal.
In his conditional acceptance of the drafts drawn on him
by his deputies, as alleged in the complaint, he himself
designated the source from which were to come the funds
to meet these obligations. The drawers of the drafts were
his employees, and his contract with the plaintiffs was in
effect that what these deputies earned, to the limit of the
drafts accepted, would be paid, when allowed by the Treas-
ury Department and collected by him, not to the several
deputies, but to the plaintiffs. It was not necessary that
the plaintiffs should produce all the accounts of the defend-
ant as United States Marshal, or certified copies thereof.
He was required to put in evidence only so much of his
accounts as he was advised was pertinent to the matter in
controversy, and, if there were other accounts or vouchers
that would throw light on his dealings with the drawers of
these drafts, and tend to show that he was not liable on
account of his conditional acceptance of them, it was the
privilege of the defendant to introduce such records and
accounts in evidence, and thus counteract the force of the
evidence of the plaintiffs.

What is said above disposes of the second and third exceptions of the defendant to the report of the referee. There was error in sustaining these exceptions, as there was also in sustaining his first exception. It seems sufficient to refer to the statement contained in the report and to the former ruling of this Court in this cause (105 N. C., 42) to show that the inadmissibility of Exhibits "A," "B" and "C" was not finally and conclusively determined by his Honor Judge Connor, as seems to be insisted by the defendant in this exception.

The eleventh exception of defendant seems to us to be of no force, as one-half of what the deputies seem to have earned is more than enough to satisfy the plaintiff's demand.

His Honor should have considered the transcripts "A," "B," "C" and "AA" as evidence in the cause, as the referee did, and with that evidence before him should have passed upon the other exceptions filed by the defendant.

Remanded.