## POWELL v. UNITED STATES.

(Circuit Court, M. D. Alabama. February 19, 1894.)

### No. 89.

UNITED STATES MARSHALS—DEPUTIES—COMPENSATION—ACTION FOR.

Rev. St. c. 16, on the subject of fees, provides for fees to United States marshals, but not for fees to deputies. Section 841 provides for a proper allowance to their deputies, which "shall in no case exceed three-fourths of the fees and emoluments received and payable for the services rendered" by such deputies. Section 787 requires the marshal to execute all precepts directed to him; and, in practice, the accounts of the deputy for services rendered go into the account of the marshal as vouchers for money paid out by him in the execution of process, and are so allowed by the courts. *Held,* that a deputy marshal is not an officer of the United States, and cannot maintain a suit against it for services rendered.

At Law. On demurrer. Petition of John W. Powell to recover of the United States compensation for services rendered by him as a deputy marshal.

George H. Patrick, for petitioner.
Henry D. Clayton, for the United States.

BRUCE, District Judge. The first question raised by the demurrer to the plaintiff's petition is: Can a deputy marshal maintain a suit against the United States for compensation for services rendered as such deputy marshal? The proposition of the counsel of the government upon the demurrer is: That there is no privity between the deputy marshal and the government, and that his relation, or rather his want of relation, to the government is such that, whatever his relation to the marshal and his remedy against him may be, he cannot maintain a suit for services rendered under an appointment as deputy marshal against the government of the United States. The petitioner, in reply to this view, brings to the attention of the court the statutes bearing upon the subject, and insists that these statutes show that the deputy marshal is, in contemplation of the law, an officer of the United States; that his services are rendered for the United States, are accepted by the United

States, and that the United States is therefore liable directly to him for compensation for same, and under act of March 3, 1887, he can maintain suit for his compensation, as he seeks to do in this case.

A brief examination of the statutes upon this subject is necessary. The marshal appoints one or more deputies. Rev. St. § 780. The deputy takes oath of office, but does not give bond, as the marshal does, to the United States. Section 783. The marshal is required to attend the sittings of the courts, and to execute all lawful precepts directed to him, and issued under the authority of the United States. Rev. St. § 787. Chapter 16, on the subject of fees, provides for marshal's fees, but not for fees to deputies. The marshal is the executive officer of the court, the precepts of the court are directed to him, and he executes process himself in person, or through his deputies. The deputy obtains the process from the marshal, executes it in the name of the marshal, and so makes his return, and he is paid for his services by the marshal. Section 841, Rev. St., provides compensation for the marshal "and a proper allowance to his deputies," and says:

"The allowance to any deputy shall in no case exceed three fourths of the fees and emoluments received or payable for the services rendered by him, and may be reduced below that rate by the attorney-general whenever the returns show such rate to be unreasonable."

With the limitation that he, the deputy marshal, is not to receive more than three-fourths of the fees received or payable for the services rendered by him, he may have any contract with the marshal for his compensation which they may see fit to make; but the fees go to the marshal, whether earned by him in person or by deputy. The accounts of the deputy for services rendered go into the account of the marshal as vouchers for money paid out by him in the execution of process, and are so presented and allowed by the court, and audited by the accounting officers of the treasury department at Washington. A system has grown up under the statutes for the keeping, rendering, and auditing of accounts of marshals, and of other officers of the courts, and the act of March 3, 1887, did not change this system. The act did not create new causes of action, but only made the government suable upon existing causes of action, and was not intended to change the system of keeping the accounts of this class of public officers. If the contention of the petitioner be correct, then accounts of every person, not only acting as deputy marshal, but persons who had, for instance, furnished the marshal teams and vehicles for transportation to serve process, would have a charge against the government, for which they could maintain suit. The clerks in the marshal's office, and all persons for whom vouchers for moneys paid are presented by the marshal for allowance, would all have claims against the government, for which suit might be maintained.

We have seen that the statute provides fees for the marshal, not for the deputy, and it may be noted that in section 841 the language is:

"The allowance to any deputy shall in no case exceed three fourths of the fees and emoluments received or payable for the services rendered by him."

Not that the fees are payable to the deputy; that is not the word of the statute, and the language employed seems to exclude such an idea. The most that can be said is that the deputy has an interest in the fees of the marshal, and the limitation of three-fourths to the deputy (one-fourth going to the marshal, doubtless in consideration of his responsibility) may be reduced by the attorney-general, showing that in contemplation of the law there can be no severance or division of interest in the fees between the marshal and his deputies for which each can severally make claim, but the fees (the fees and emoluments of the office) go to the marshal, and he is provided with an allowance from which he pays his deputies for their services. It seems clear from a consideration of the statutes on the subject, and the manner in which the accounts of the marshal are made up and settled by the accounting officers of the treasury department, that the deputy marshals are not employed by the government, and have no contract, either express or implied, with the United States in virtue of which they can maintain suit for services rendered in the execution of process.

Passing now from the statutes to the decided cases, it does not seem that any of them sustain the position here taken by the petitioner. The case of U. S. v. Strobach, 48 Fed. 902, is relied on to. show that a deputy marshal is an officer of the United States, but the question there was as to whether he was indictable for the presentation of a false account for services, and not the question involved in this case. Even if a deputy marshal may in some sense be called an officer of the United States, he is not a salaried officer, and is paid not more than a fixed proportion of the fees of the marshal earned by him, the deputy. The case of Fitzsimmons v. U. S., 4 C. C. A. 589, 54 Fed. 812, relied on by the petitioner, was an action by the United States against the marshal and the sureties on his official bond, in which it was held that a "United States marshal, in his character as a disbursing officer of the government, is not entitled, as between himself and the government, to credit for unpaid disbursements, or for services rendered and fees earned by his deputies, unless he has paid for the same."

Some other questions were passed upon in the case, but those are not the questions in the case at bar at all, and there is nothing in the opinion of the court that supports the contention of the petitioner here. It is not deemed necessary to refer here to other cases cited by the plaintiff's counsel. The case seems to fall within the influence of the general rule stated in Anson on Contracts, at page 774, thus: "A person who is not a party to a contract cannot be included in the rights and liabilities which the contract creates, so as to enable him to sue or be sued upon it." The supreme court of the United States said in the case of U. S. v. Meigs, 95 U. S. 748, where the court was considering a claim of a deputy clerk of the United States court: "It is very difficult to see how this deputy clerk can be called an employe of the government at all." So, in the case at bar, it is difficult to see how a deputy marshal can be called an employe of the government at all, or that he is more or

other than an employe of the marshal. The counsel for the government have cited many cases in support of their contention, among which are: U. S. v. Meigs, supra; U. S. v. Driscoll, 96 U. S. 422; Wallace v. Douglass, 103 N. C. 19, 9 S. E. 453; Bollin v. Blythe, 46 Fed. 181, and other cases more or less in point; and the conclusion reached is that a deputy marshal cannot maintain a suit against the United States for services rendered. Other questions were argued at the hearing, but it is not necessary to pass upon them in this case. The demurrer of the government to the petition of the plaintiff is sustained.